IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MILLER,<br><br>Defendant. | Case No. CR10-4058<br><br>ORDER FOR PRETRIAL DETENTION |

On the 3rd day of August 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Shawn Stephen Wehde. The Defendant appeared personally and was represented by his attorney, Alexander M. Esteves.

## RELEVANT FACTS

On June 16, 2010, Defendant James Miller was charged by Indictment (docket number 4) with conspiracy to distribute crack cocaine (Count 1), distribution of crack cocaine (Count 3), and being a felon in possession of a firearm and armed career criminal (Count 4). Defendant entered a plea of not guilty and trial is scheduled before Judge Mark W. Bennett on October 4, 2010.

Special Agent Zane Dodds of the Bureau of Alcohol, Tobacco, and Firearms testified regarding the circumstances underlying the instant charges. Working under cover, Special Agent Dodds arranged for the purchase of crack cocaine from Defendant. On December 1, 2009, Dodds went to Defendant's home in Hartley, Iowa. Defendant called his step-daughter, Shanta Brown, and her boyfriend, Blair Burrell – both of whom are co-defendants in this case – and instructed them to bring crack cocaine and a gun to his house. Dodds then purchased 1.25 grams of crack cocaine and a pistol. In the months that

1

followed, Dodds made additional purchases of crack cocaine from Brown and Burrell. According to Dodds, recorded conversations with Defendant establish that Defendant facilitated those transactions.

According to the pretrial services report, Defendant is 49 years old, married, and resides in Hartley, Iowa. No children have been born to the marriage, but Defendant has three sons from previous relationships and his wife has six children from previous relationships. Defendant was born and raised in Kansas City, but has resided in Hartley with his wife for the past ten years.

Defendant does not have regular employment. Most recently, he was employed at a pig farm for approximately one month, but he no longer works there. Defendant has also reported employment with Die Cast in Lake Park, Iowa, Dairy Queen, Perkins, and Taco John's. Defendant is in good physical health and reported no mental health or emotional concerns. While Defendant has a history of daily use of cocaine, he told the pretrial services officer that he last used cocaine a year-and-a-half ago. Defendant's last use of marijuana was approximately one year ago.

Defendant has a substantial prior criminal record, dating back to 1984. In 1993, Defendant was arrested on five occasions and convicted of making a false report to law enforcement, theft in the fourth degree, possession of drug paraphernalia, theft in the fifth degree, voluntary absence, theft in the fourth degree, and interference with official acts. The second and third charges were committed while Defendant was on pretrial release for the first charge. The last three charges were committed while Defendant was on probation for the first charge.

In March 1994, Defendant was arrested and charged with burglary in the second degree. On May 11, 1994, Defendant received a ten-year suspended prison term and was placed on probation. Five days later, Defendant was driving while barred. Six days after that, Defendant committed theft in the fourth degree. A probation violation was filed on June 6, 1994, but Defendant failed to appear at the probation violation hearing on June 15. On July 13, 1994, Defendant was sent to the violator's program for 60 days.

On September 28, 1994, Defendant was discharged from the violator's program. One month later, while still on probation for the burglary charge, Defendant was arrested for driving while barred. On February 6, 1995, Defendant's probation was revoked in the burglary charge and he was sentenced to two years in prison on the driving while barred charge, with the prison terms to be served concurrently. Defendant was released on parole on July 19, 1996.

In June 1997, defendant was arrested and charged with possession of narcotics equipment. In February 1998, Defendant was placed on probation for one year. In May 1998, while on probation, Defendant was arrested and charged with felony theft in Cass County, Missouri, and auto theft and possession of marijuana in Jackson County, Missouri. In August 1998, Defendant received a suspended five-year prison term in Cass County and was placed on probation for five years.

In October 1998, while on probation for possession of narcotics equipment and felony theft, and while on pretrial release for auto theft and possession of marijuana, Defendant was arrested and charged with receiving stolen property and resisting arrest. On January 26, 1999, Defendant received prison terms on the auto theft, possession of marijuana, receiving stolen property, and resisting arrest charges, to be served concurrently. Defendant was paroled on February 18, 2000.

On April 15, 2001, while on parole, Defendant was charged in Kansas with theft, obstruction of legal process, switched tags, driving while suspended, and fleeing and alluding. Defendant failed to appear on May 16, 2001 and warrants were issued for his arrest. Those warrants in Kansas remain outstanding.

On July 16, 2002, Defendant was arrested and charged with theft in Minnesota. Nine days later, Defendant was arrested and charged with assault in the second degree in Missouri. While both of those charges were pending, Defendant was arrested again in Minnesota for theft. Defendant eventually received probation on both theft charges in Minnesota.

On September 15, 2003, while on probation on the theft charges, Defendant was arrested and charged with domestic abuse. In January 2004, while still on probation for the theft charges in Minnesota, Defendant was arrested for selling cocaine. On May 9, 2005, Defendant received a suspended 110-month prison term and was placed on probation for ten years.

In September 2006, while on probation on the assault charge in Missouri and the cocaine charge in Minnesota, Defendant was arrested and subsequently convicted of possession of marijuana in Iowa. At the time of the incidents giving rise to the instant charges, Defendant was on probation for the sale of cocaine in Minnesota.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving

minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute crack cocaine, distribution of crack cocaine, and being a felon in possession of a firearm and armed career criminal, which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute crack cocaine, distribution of crack cocaine, and being a felon in possession of a firearm and armed career criminal. The weight of the evidence against Defendant would appear to be strong. The transaction which occurred on December 1, 2009 was conducted by an undercover narcotics officer. In addition, authorities apparently have recorded phone conversations with Defendant, in which he facilitates the sale of additional crack cocaine by the co-defendants. While Defendant has lived in Hartley for the last ten years, he does not have stable employment. Defendant has a history of using illegal controlled substances, although he denies any recent use. Of particular concern to the Court is the Defendant's substantial prior criminal record. Defendant has repeatedly committed additional crimes while on pretrial release, probation, or parole. The instant allegation that

Defendant engaged in the sale of crack cocaine allegedly occurred while Defendant was on probation for the sale of cocaine in Minnesota. Defendant has warrants for his arrest outstanding in Kansas. Finally, the combination of drugs and guns constitutes a danger to the community. The Court has no confidence with Defendant would comply with any terms or conditions of his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (July 30, 2010) to the filing of this Ruling (__August 3, 2010__) shall be excluded in computing the

time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 3rd day of August, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA