IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. CR10-4058-LTS |
| vs. | MEMORANDUM OPINION AND ORDER |
| JAMES MILLER, | |
| Defendant. | |

_____

This case is before me on defendant James Miller's pro se motion pursuant to Section 404 of the First Step Act (FSA) (Doc. 151), pro se motion for a reduced sentence (Doc. 152), pro se motion for a ruling (Doc. 160), pro se motion to expedite (Doc. 162) and pro se motion to reduce his term of supervised release (Doc. 164).

## I.  BACKGROUND

On December 14, 2010, Miller was charged in a superseding information with two counts related to the distribution of crack cocaine. Doc. 93. On December 13, 2010, Miller pleaded guilty pursuant to a Federal Rule of Criminal Procedure Rule 11(c)(1)(C) plea agreement. Docs. 88, 94. On July 8, 2011, United States District Judge Mark W. Bennett sentenced Miller to 156 months' imprisonment on Count 1 of the information, conspiracy to distribute crack cocaine following a felony drug conviction in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846 and 851, and to Count 3 of the information, distribution and aiding and abetting the distribution of crack cocaine within 1,000 feet of a protected location following a felony drug conviction in violation of 18 U.S.C. § 2, 21

U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851 and 860(a), to be served concurrently.[1] Doc. 125. In 2012, Judge Bennett denied Miller a sentence reduction pursuant to retroactive United States Sentencing Guideline (USSG) Amendment 750 because of Miller's career offender status and because he was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement. Doc. 137. In 2015, Judge Bennett denied Miller a sentence reduction pursuant to retroactive USSG Amendment 782 because Miller was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement. Doc. 146

## II. FSA MOTION

The FSA became law on December 21, 2018, and relevant to this case, made the Fair Sentencing Act of 2010 retroactive. Section 404 of the FSA provides that a court may, "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." *Id*. § 404(b); *see also* 18 U.S.C. § 3582(c)(1)(B). The FSA defines a "covered offense" as any crime which had its penalties modified by § 2 or 3 of the Fair Sentencing Act of 2010. *Id*. § 404(a). Section 2 of the Fair Sentencing Act modified the statutory penalties for certain violations of 21 U.S.C. 841(b) related to cocaine, effectively reducing the penalty applicable to a qualifying defendant. *See also United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019). Since the FSA passed, there has been a question about whether the FSA applies to persons who were convicted to crack cocaine offenses pursuant to 21 U.S.C. 841(b)(1)(C). Recently the Supreme Court considered that question and ruled that § 404 of the FSA does not apply to persons convicted of crack cocaine offenses pursuant to § 841(b)(1)(C) because they were not convicted of a "covered offense." Specifically, the Supreme Court stated:

---

[1] The offense conduct for Count 1 occurred in 2010 and the offense conduct for Count 3 occurred in 2009. Doc. 125.

> Before 2010, §§ 841(a) and (b) together defined three crack offenses relevant here. The elements of the first offense were (1) knowing or intentional possession with intent to distribute, (2) crack, of (3) at least 50 grams. §§ 841(a), (b)(1)(A)(iii). This subparagraph (A) offense was punishable by 10 years to life, in addition to financial penalties and supervised release. The elements of the second offense were (1) knowing or intentional possession with intent to distribute, (2) crack, of (3) at least 5 grams. §§ 841(a), (b)(1)(B)(iii). This subparagraph (B) offense was punishable by 5-to-40 years, in addition to financial penalties and supervised release. And the elements of the third offense were (1) knowing or intentional possession with intent to distribute, (2) some unspecified amount of a schedule I or II drug. §§ 841(a), (b)(1)(C).

*Terry v. United States*, No. 20-5904, --- S. Ct. ----, 2021 WL 2405145, at *4 (U.S. June 14, 2021). The Supreme Court concluded "that § 2(a) of the Fair Sentencing Act modified the statutory penalties *only* for subparagraph (A) and (B) crack offenses—that is, the offenses that triggered mandatory-minimum penalties." *Id.*, at 5 (emphasis added). Thus, persons such as Miller who were convicted of a crack cocaine offense pursuant to § 841(b)(1)(C) are not eligible to have their sentence reduced under § 404 of the FSA. Miller's motion (doc. 151) for a sentence reduction pursuant to that section must be denied.

### III. MOTION TO REDUCE SENTENCE

In his motion to reduce sentence (Doc. 152), Miller states that he is eligible for a sentence reduction pursuant to USSG Amendment 782 in light of the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018).[2] Miller previously filed a motion pursuant to Amendment 782, which, as was noted above, Judge Bennett denied.

---

[2] Miller's motion is somewhat confused regarding whether he is requesting a sentence reduction pursuant to Amendment 750 and 782. I need not address that issue because the outcome is the same regardless of which amendment he cites.

3

Docs. 140, 146. Setting aside the issue of whether Miller's current motion is timely,[3] it fails for several reasons.

First, Miller's plea agreement states, "defendant knowingly and voluntarily waives defendant's right to appeal the conviction and the sentence imposed, or to request or receive any reduction in sentence by operation of 18 U.S.C. § 3582(c)(2)." Doc. 83-1 at 11. Generally, courts enforce plea waivers that are knowing and voluntary, unless a refusal to do so would result in a miscarriage of justice. *United States v. Andis*, 333 F.3d 886, 890-91 (8th Cir. 2003). In this case, there is no argument that the plea waiver was not knowing or voluntary. Nor would enforcing it result in a miscarriage of justice. Miller is therefore prohibited from seeking this type of relief.[4] *See United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (unpublished) (finding an appeal waiver in a

---

[3] In *United States v. Mofle*, the Eighth Circuit Court of Appeals stated:

> The fact that [Federal Rule of Appellate Procedure Rule] 4(b) governs motions for reconsideration means that once a court has issued an order granting or denying a § 3582(c)(2) sentence reduction, subsequent § 3582(c)(2) motions are subject to Rule 4(b)'s timeliness requirements if they present the same legal question that the court addressed in its previous order. Such motions are motions for reconsideration in substance, regardless of how they are labelled. *See United States v. Goodwyn*, 596 F.3d 233, 234-35 (4th Cir. 2010) (treating a second § 3582(c)(2) motion presenting the same legal question as the first as a motion for reconsideration). And "the substance of a motion rather than the form of a motion is controlling" for the purpose of determining the applicable filing deadlines. *BBCA, Inc. v. United States*, 954 F.2d 1429, 1431-32 (8th Cir. 1992). Therefore, once a court has issued an order granting or denying a § 3582(c)(2) sentence reduction, any future § 3582(c)(2) motions based on the same grounds are subject to Rule 4(b)'s timeliness requirements. *See Randall*, 666 F.3d at 1242-43 ("[A] motion to reconsider an order granting or denying a sentence modification under § 3582(c)(2) must be brought within the time granted to appeal that order.").

989 F.3d 646, 648–49 (8th Cir. 2021). Because Miller previously filed motions pursuant to both Amendments 750 and 782, and those motions were denied, the present motion could be deemed to be an untimely motion to reconsider under *Mofle*.

[4] As set out above, Miller previously filed motions for sentence reductions pursuant to both Amendment 750 and 782. *See* Docs. 132, 140. Both motions were denied for other reasons and the court did not reach the issue of the appeal waiver. Docs. 137, 146.

4

Rule 11(c)(1)(C) agreement valid in the context of a post-*Hughes* motion to reduce sentence pursuant to Amendment 782).

Second, *Hughes* does not provide Miller the avenue for relief he seeks. *Hughes* "addressed whether a defendant who entered a binding Rule 11(c)(1)(C) plea agreement is eligible for a sentence reduction pursuant to [18 U.S.C.] § 3582(c)(2) based on a retroactive amendment to the Guidelines." *United States v. Johnson*, 821 F. App'x 670, 671 (8th Cir. 2020) (unpublished).

> In *Hughes*, the Supreme Court held that a sentence imposed under a Rule 11(c)(1)(C) plea agreement "is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes*, 138 S. Ct. at 1775.

*United States v. Williams*, 750 F. App'x 510, 511 (8th Cir. 2019) (unpublished). However, in *Williams*, the Eighth Circuit found that a district court properly denied a defendant § 3583(c)(2) motion, even under *Hughes*, when the Rule 11(c)(1)(C) sentence was based on the defendant's status as a career offender and not the USSG range. *Id*. In this case, in the context of his order denying Miller relief pursuant to Amendment 750, Judge Bennett stated that Miller's sentence was based on his career offender status, not the drug quantity.

> [U]nder the Federal Rule of Criminal Procedure 11(c)(1)(C) agreement, the defendant stipulated to being a career offender under USSG §4B1.1. Consequently, even if the court relied on the sentencing guidelines rather than the agreed upon sentence, the defendant is not eligible for a reduction of his sentence. *See United States v. Collier*, 581 F.3d 755, 758 (8th Cir. 2009) (reiterating that relief under 18 U.S.C. § 3582(c)(2) is not available to defendants who were sentenced under the career offender provisions of the sentencing guidelines); *United States v. Clay*, 524 F.3d 877, 878 (8th Cir. 2008) ("[A defendant] is . . . not eligible for a sentence reduction . . . [if] his sentencing range was determined by the career offender provision in USSG §4B1.1."); *United States v. Tingle*, 524 F.3d 839, 840 (8th Cir. 2008) (concluding that the defendant could not rely on 18 U.S.C. § 3582(c)(2) to reduce his sentence because the defendant's

5

> status as a career offender under USSG §4B1.1 determined the guideline range and the amount of drugs under USSG §2D1.1 did not determine the guideline range).

Doc. 137 at 3, n. 3. Miller's motion must be denied for the same reason set out in the *Williams*' case.

Finally, I conclude the court would have imposed the same sentence even if the USSG range had changed. Specifically, in light of Miller's criminal history, offense conduct, personal characteristics, the other 18 U.S.C. § 3553(a) factors, as set out in the presentence investigation report (Doc. 118), I find 156 months' incarceration to be the appropriate sentence. As such, I exercise my discretion to deny relief under § 3582(c)(2). *See Hughes*, 138 S. Ct. at 1778 ("[i]f the district court concludes that it would have imposed the same sentence even if the defendant had been subject to the lower [Guidelines] range, then the court retains discretion to deny relief.")

## IV. *MOTION FOR REDUCTION OF SUPERVISED RELEASE*

Finally, Miller filed a motion (Doc. 164) for a reduction of supervised release based on his conduct while in the BOP. However, Miller does not cite any authority for me to reduce his term of supervision. Additionally, he is still serving his term of incarceration,[5] with an anticipated discharge date of August 26, 2021. For these reasons, his motion (Doc. 164) will be denied.

## V. *CONCLUSION*

For the reasons set forth herein:

1. Miller's motion for a sentence reduction pursuant to § 404 of the FSA (Doc. 151) is **denied**.

---

[5] Miller is currently in a residential reentry center in anticipation of his upcoming release.

6

2. Miller's motion to reduce sentence (Doc. 152) is **denied**.

3. Miller's motion for a reduction of supervised release (Doc. 164) is **denied**.

4. Miller's motion for a ruling (Doc. 160) and motion to expedite (Doc. 162) are **denied** as moot.

**IT IS SO ORDERED.**

**DATED** this 16th day of June, 2021.

_____
Leonard T. Strand, Chief Judge